UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CEDRIC JONES,

            Plaintiff,                  Case No. 1:15-cv-1323

v.                                        Honorable Janet T. Neff

BERRIEN COUNTY JAIL et al.,

            Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Berrien County Jail. The Court will serve the complaint against the remaining Defendants.

**Discussion**

I.        Factual allegations

Plaintiff Cedric Jones presently is incarcerated at the Chippewa Correctional Facility, though the actions about which he complains occurred while he was housed in the Berrien County Jail (BCJ). He sues the BCJ, Berrien County Sheriff L. Paul Bailey,[1] Undersheriff Unknown Party #2, Deputies (unknown) Coberson and (unknown) Goodin (or Goodish), and Physician Assistant Unknown Party #3.

Plaintiff alleges that he was arrested and detained at the BCJ on April 2, 2014. Plaintiff is a T-4 paraplegic, meaning that he is totally paralyzed from the chest down. When he was brought into the jail, Plaintiff explained to the medical staff that he could not sleep on hard surfaces because of his propensity to get skin breakdown and bed sores. He also told staff that he needed catheters to urinate, and that he needed betadine and lubricant to insert the catheters. He additionally informed staff that he suffered from chronic nerve pain and severe muscle spasms, which caused excruciating pain. Plaintiff also told deputies that he could not eat certain foods because they caused allergies and constipation, which were particularly problematic for paraplegics.

Neither medical staff nor deputies took his complaints seriously. Deputies told him that the jail did not provide special diets or bedding, and the medical staff would not provide either catheters or lubricants. On April 6, 2015, Plaintiff's family members were allowed to bring him catheters and supplies, but jail officials only provided Plaintiff the catheters, which he was forced to insert without lubrication. On April 7, 2015, Plaintiff noticed several open sores on his body,

---

[1] Plaintiff sues the Berrien County Sheriff. The Court takes judicial notice that the Sheriff of Berrien County has been L. Paul Bailey since 2001. The Clerk is instructed to make the relevant change to the docket sheet.

including a pressure sore on his left foot. He was given an antibiotic ointment and a few bandages, but he did not receive sleeping accommodations.

On April 10, 2015, he was finally moved to the medical unit of the jail. However, he was unable to shower, even there, because the showers were not handicap-accessible and had no shower chair or rails to allow Plaintiff to transfer. In addition, during this entire time in the jail, Plaintiff could not transfer to the toilet because it had no rails and was too low to the ground. On April 23, 2015, Plaintiff was desperately in need of the shower. He attempted to get into the tub by himself, as no jail staff would assist him. He fell and hit his head on the cement wall, which temporarily blinded him. His right knee also looked broken. On May 14, 2015, Plaintiff was finally seen by an ophthalmologist, and he learned that he had suffered eye damage. The physician recommended surgery, which Plaintiff could not independently afford. He saw a neurologist on July 23, 2015, nearly three months after his fall. At no time did Plaintiff receive medical care for his knee, which continues to swell often.

On June 7, 2015, Plaintiff refused to eat certain food because they caused an allergic reaction, which Plaintiff had suffered on prior occasions. Defendant Goodin (or Goodish) stated, "When you [d]ie we'll just give your tray to someone else" (Compl., ECF No. 1, PageID.5.). That same day, Defendant Coberson came to Plaintiff's cell and ordered him to take a shower because Plaintiff's odor was so bad. Defendant Coberson told Plaintiff that staff would not help him but would place a mat on the floor. Plaintiff attempted to shower by getting on the floor, but he found himself floating in filthy water. The door opened suddenly, and several officers stood there and laughed at Plaintiff. On June 25, 2015, Plaintiff was finally able to take a shower, after a nurse agreed to help him. Plaintiff's bed sheets, which were covered with feces, urine and sweat, were

finally removed by the trustees for washing. A nurse assisted Plaintiff to shower on two more occasions before they were fired or quit. Plaintiff received no more showers until he got to the Michigan Department of Corrections. He was forced to have bowel movements on himself or the floor from April 2 to August 10, 2015, because he could not transfer from his wheelchair to the steel toilet without falling. The hot water into Plaintiff's cell was shut off on July 18, 2015 and no guard would answer his intercom call, apparently in retaliation for Plaintiff's telephone complaints to his brother.

Plaintiff alleges that Defendants' mistreatment of him and failure to provide accommodations violated his rights under the Eighth Amendment and the Americans with Disabilities Act. He alleges that, as Sheriff, Defendant L. Paul Bailey is the policymaker for the County and the jail and is responsible for the customs, policies and practices, as well as hiring, training and supervision. Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although, the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the Defendant Berrien County Jail. The jail is a building, not an entity capable of being sued in its own right. The Court therefore will dismiss the Defendant Berrien County Jail.

Plaintiff fails to make specific factual allegations against Defendant Unknown Berrien County Undersheriff (Unknown Party #2), other than his implicit claim that Defendant Unknown Party #2 failed to supervise his subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or

vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Unknown Party #2 engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Unknown Party #2.

In contrast, Plaintiff alleges that Defendant Sheriff L. Paul Bailey is responsible for the policy, practice and customs of the BCJ in hiring, training and discipline. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City*

*of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997). In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody of the jails [in] his county"); MICH. COMP. LAWS § 51.281 (sheriff "prescribe[s] rules and regulations for conduct of prisoners"); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the Court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right. As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *see also City of Canton v. Harris*, 489 U.S. 378, 392 (1989). The Court concludes that Plaintiff's allegations are sufficient to warrant service on the unknown Sheriff as the policymaker for the County.

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to warrant service of the complaint on Defendant Deputies (unknown) Coberson and (unknown)

Goodin or Goodish. The Court lacks sufficient information at this juncture to order service on Unknown Party #3.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Berrien County Jail and Unknown Party #2 will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants L. Paul Bailey, Coberson and Goodin (or Goodish).

An Order consistent with this Opinion will be entered.


Dated:  February 9, 2016           /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge