UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC JONES #527449,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                  Case No. 1:15-cv-1323

BERRIEN COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 19), and Defendant's Motion for Summary Judgment, (ECF No. 23). As detailed herein, Plaintiff alleges that from April 2, 2015, through August 10, 2015, he was incarcerated in the Berrien County Jail, during which time Defendants failed to provide him with appropriate medical treatment for conditions and circumstances related to his status as a paraplegic. (ECF No. 1). Plaintiff also alleges that Defendants' conduct violates the Americans with Disabilities Act (ADA). Certain of Plaintiff's claims were dismissed on screening. (ECF No. 6-7). Defendants Orrison, Bailey, Godush, and Culbertson now move for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this matter terminated.

## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the

respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility considerations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, the plaintiff on a claim for relief or the defendant on an affirmative defense, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Eighth Amendment**

Plaintiff asserts several claims that his Eighth Amendment rights were violated during his incarceration in the Berrien County Jail. Each claim is addressed separately below.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate

indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of

medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

### A.    Catheters

Plaintiff alleges in his complaint that because he is a paraplegic, he requires catheters to urinate.  Plaintiff alleges that Defendants refused his requests for catheters and instead forced him to reuse non-sterile catheters causing him to experience a urinary tract infection.

Defendant Orrison has submitted an affidavit in which she asserts that she was neither involved with nor responsible for the distribution of catheter supplies to Plaintiff.  (ECF No. 38 at PageID.344-46).  Plaintiff has presented no evidence to the contrary.  Defendants Bailey, Godush, and Culbertson have submitted evidence indicating that Plaintiff was provided with catheters and instructed not to re-use them.  (ECF No. 21-2 at PageID.108).  Plaintiff has presented no evidence to the contrary. Plaintiff has likewise failed to present any evidence which would entitle him to prevail on this claim. The evidence reveals that Defendants were not deliberately indifferent to Plaintiff's medical needs. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on these claims.

B.      Bedding Accommodations

In his complaint, Plaintiff alleges that because of his disability he is unable to sleep on hard surfaces.  Plaintiff alleges that Defendants did not adequately accommodate this limitation. Defendant Orrison asserts in her affidavit that on April 10, 2015, only eight days after Plaintiff entered the jail, she ordered Plaintiff a new mattress and provided him medication to treat a pressure ulcer on his left hip.  (ECF No. 38 at PageID.344-46).  This assertion is confirmed by Plaintiff's medical treatment records.  (ECF No. 21-2 at PageID.106).  Plaintiff has presented no evidence to the contrary. Plaintiff has likewise failed to present any evidence which would entitle him to prevail on this claim. This evidence indicates that Defendants were not deliberately indifferent to Plaintiff's medical needs. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on these claims.

C.      Diet

Plaintiff alleges in his complaint that he informed jail personnel that he "couldn't eat certain foods because of allergies and constipation."  Plaintiff alleges that he was nevertheless provided foods that caused him to experience "allergic reactions," such as swollen throat, itching, and constipation.

On April 29, 2015, Plaintiff met with Defendant Orrison regarding this issue.  (ECF No. 38 at PageID.344-46; ECF No. 21-2 at PageID.104).  Plaintiff was provided medication, including Colace.[1]  (ECF No. 38 at PageID.344-46; ECF No. 21-2 at PageID.104).  Plaintiff has failed to present any evidence that he suffers from any food allergies or other adverse reactions to certain food products.

---

[1]     Colace is a stool softener used to treat constipation.   *See* Colace, available at http://www.webmd.com/drugs/2/drug-4576/colace-oral/details (last visited on Jan. 9, 2017).

Plaintiff has likewise failed to present any evidence that he was not provided adequate amounts of food. To the contrary, the record reveals that Plaintiff routinely refused his jail provided meals and instead purchased all manner of candy and snack foods instead. (ECF No. 21-4 at PageID.113-15; ECF No. 21-5 at PageID.117-43). In sum, Plaintiff has failed to present any evidence that would entitle him to prevail on this claim whereas Defendants have presented evidence that refutes Plaintiff's allegations. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on these claims.

          D.      Showering

Plaintiff alleges that he was not provided adequate opportunities to shower because the Berrien County Jail is not handicap accessible. Plaintiff has presented no evidence in support of this particular claim. Defendants, on the other hand, have submitted evidence indicating that Plaintiff routinely refused offers to take a shower, opting to instead take "bird baths" in his cell using a soap and rag. (ECF No. 21-3 at PageID.111). In sum, Plaintiff has failed to present any evidence that would entitle him to prevail on this claim whereas Defendants have presented evidence that refutes Plaintiff's allegations. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on these claims.

          E.      Eye Injury

Plaintiff alleges that on or about April 23, 2015, he fell while attempting to get into a bathtub and "hit his head on a cement wall" causing an eye injury. Plaintiff has presented no evidence supporting his contention that his eye injury was caused by Defendants' actions or his alleged fall.

Defendants have submitted evidence that a July 2, 2015 eye examination revealed that Plaintiff was experiencing keratoconus.[2] (ECF No. 21-6 at PageID.145-46).  As Plaintiff has failed to present any evidence that would entitle him to prevail on this claim, the undersigned recommends that Defendants are entitled to summary judgment on these claims.

### F. General Medical Treatment

Finally, Plaintiff advances the general claim that he did not receive adequate medical care during his brief stay in the Berrien County Jail.  Again, Plaintiff has failed to present any evidence in support of these allegations.  Defendants, on the other hand, have submitted evidence that Plaintiff was examined by medical personnel on a regular basis.  (ECF No. 21-2 at PageID.97-109).  While Plaintiff may not have agreed with the treatment he received or considered such to negligent, such does not implicate the Eighth Amendment.  The undersigned, therefore, recommends that Defendants are entitled to summary judgment on these claims.

## II. Americans with Disabilities Act

Plaintiff also alleges that the aforementioned conduct by Defendants violates the Americans with Disabilities Act (ADA).  Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (quoting 42 U.S.C. § 12132).

---

[2] Keratoconus is a progressive disorder of the eye in which the cornea becomes distorted and abnormally shaped.  *See* Keratoconus, available at http://www.umkelloggeye.org/conditions-treatments/keratoconus (last visited on Jan. 9, 2017).

To state a claim under Title II of the ADA, Plaintiff must establish: (1) he is a qualified person with a disability; (2) defendants are subject to the ADA; and (3) he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). In other words, Plaintiff must establish that Defendant intentionally discriminated against him because of his disability. *Id.* Title II of the ADA applies to state prisons and inmates. *See Mingus*, 591 F.3d at 482.

While Plaintiff's status as a paraplegic constitutes a "disability," Plaintiff has failed to present any evidence that Defendants intentionally discriminated against because of his disability. Rather, as discussed above, the evidence reveals that Defendants provided Plaintiff with medical care and attempted to accommodate his needs. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment as to these claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 19), be **granted**; <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 23), be **granted**; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                             Respectfully submitted,

Date:  January 26, 2017                                               /s/ Ellen S. Carmody
                                                                      ELLEN S. CARMODY
                                                                      United States Magistrate Judge