UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC JONES,

    Plaintiff,

v.

BERRIEN COUNTY JAIL, et al.,

    Defendants.

_____/

Case No. 1:15-cv-1323

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action involving Plaintiff's Eighth Amendment claims under 42 U.S.C. § 1983 and his claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Pending before the Court is Plaintiff's objections (ECF No. 55) to the Magistrate Judge's Report and Recommendation (R&R, ECF No. 47), recommending that Defendants' motions for summary judgment be granted and this matter terminated. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I. Background**

On September 8, 2016, Defendants moved for summary judgment of the claims pending against them (Motions, ECF Nos. 19 & 23). Three months later, on December 9, 2016, Plaintiff filed a Motion to Amend Complaint (ECF No. 31), with a proposed amended complaint and associated exhibits (ECF No. 32). Defendants filed responses in opposition to Plaintiff's Motion

to Amend Complaint (ECF Nos. 33-34 & 36), to which Plaintiff filed a reply with supporting brief (ECF Nos. 41 & 42). The Magistrate Judge denied Plaintiff's Motion to Amend Complaint, determining that "Plaintiff's attempt to amend his complaint at this juncture demonstrates bad faith and an attempt to forestall resolution of Defendants' motions for summary judgment" (Order, ECF No. 50 at PageID.490).

On January 9, 2017, Plaintiff filed a response and brief in opposition to both summary judgment motions (ECF Nos. 39 & 40). On January 19, 2017, Plaintiff filed exhibits A through I as "catch up materials" in support of his brief in opposition (ECF No. 43). On January 23, 2017, Defendants filed their respective replies (ECF Nos. 44 & 46).

On January 26, 2017, the Magistrate Judge issued a Report and Recommendation (R&R, ECF No. 47), recommending that both summary judgment motions be granted and this matter terminated. Plaintiff subsequently filed his own affidavit (ECF Nos. 48 [unsigned] & 49 [signed]) and objections to the Report and Recommendation (ECF No. 55). Defendant Orrison filed a response to Plaintiff's objections (ECF No. 57).

## II. Eighth Amendment Claims

A. *Catheters*

With regard to Plaintiff's Eighth Amendment claim that Defendants refused his requests for catheters, the Magistrate Judge examined Defendants' evidence that Plaintiff was provided with catheters, noted Plaintiff's lack of evidence to the contrary, and concluded that "[t]he evidence reveals that Defendants were not deliberately indifferent to Plaintiff's medical needs" (R&R, ECF No. 47 at PageID.465).

In his objection, Plaintiff argues that the Magistrate Judge "totally ignored the evidentiary proofs plaintiff submitted" (Pl. Obj., ECF No. 55 at PageID.502-504). Specifically, Plaintiff

references "the evidentiary proofs plaintiff submitted with his motion and brief in opposition to defendants' motion for summary judgment" (*id.* at PageID.503-504), apparently his later filed "Exhibits A to I" (ECF No. 43). Plaintiff opines that while his "Affidavit was filed after the Magistrate's ruling, the Exhibits are sufficient to demonstrate a genuine issue of material fact in dispute" (*id.* at PageID.504). Plaintiff identifies exhibits D, E and I as supporting his argument (*id.* at PageID.503-504).[1]

Plaintiff's Exhibit D is an April 2, 2015 "Inmate Activity" note indicating (1) that Plaintiff stated during booking that he "uses a catheter," and (2) that "catheters delivered by family @ 1400 hours" (Pl.'s Ex. D, ECF No. 43 at PageID.410). Exhibit E is an affidavit of Jackey Jones, Plaintiff's brother, attesting that he supplied Plaintiff with catheters from April to August 2015 "due to Berrien County Jail failing to supply plaintiff with such" (Pl.'s Ex. E, ECF No. 43 at PageID.412). Exhibit I is an Inmate Purchase Record, delineating purchases of soap, a legal pad, a washcloth, deodorant, a comb and various snacks (Pl.'s Ex. I, ECF No. 43 at PageID.447).

Plaintiff's argument that "[t]his evidence indicates that Defendant Orrison was deliberately indifferent to plaintiff's serious medical needs" (ECF No. 55 at PageID.504) lacks merit. As Defendant Orrison points out in response to Plaintiff's objections, Exhibits D, E and I do not reference Orrison (ECF No. 57 at PageID.514-515). Further, these exhibits fail to respond to Defendant Orrison's specific argument in support of summary judgment that she did not receive, respond to, or approve prisoner requests to catheter or catheter supplies (*id.* at PageID.516). Last,

---

[1] To the extent Plaintiff relies on any evidence he submitted outside of the parties' summary judgment motion practice, his reliance is misplaced, for the reasons Defendant Orrison points out in response to Plaintiff's objections (ECF No. 57 at PageID.514-515, citing *Street v. JC Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989) (holding that if, after being afforded sufficient time for discovery, the respondent did not "put up" supporting evidence, then summary judgment is properly granted); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995) (same)).

Plaintiff does not dispute Defendants' evidence that he was, in fact, provided catheters. Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that Defendants are entitled to summary judgment of his Eighth Amendment catheter claim. A plaintiff cannot simply "replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and, are not enough to defeat a well-supported motion for summary judgment." *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 897-98 (6th Cir. 2016) (quoting *Pearce v. Faurecia Exhaust Sys., Inc.*, 529 F. App'x 454,458 (6th Cir. 2013)).

B. *Bedding*

Plaintiff's objections do not address the Magistrate Judge's analysis or conclusion regarding his Eighth Amendment bedding claim.

C. *Diet*

With regard to Plaintiff's Eighth Amendment claim that Defendants provided him foods to which he was allergic, the Magistrate Judge examined the record and determined that "Plaintiff has failed to present any evidence that would entitle him to prevail on this claim whereas Defendants have presented evidence that refutes Plaintiff's allegations" (R&R, ECF No. 47 at PageID.466-467).

In his objection, Plaintiff argues that "contrary to the R&R, plaintiff clearly has presented Exhibits showing that due to his food allergies, he routinely refused his meals but purchased all manner of snack foods to barter with jail trustees various fruit items on a daily basis" (ECF No. 55 at PageID.505). Plaintiff further argues that his "Exhibits show that due to an adverse allergic reaction, he was hospitalize[d] for a period of time" (*id.*).

However, Plaintiff does not identify or describe the "Exhibits" upon which he relies for this objection to the Report and Recommendation. Local Rule 72.3(b) requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and the basis for such objections*." W.D. Mich. LCivR 72.3(b) (emphasis added). Plaintiff's argument does not serve to point the Court to any issues of material fact that would preclude summary judgment on his Eighth Amendment diet claim. Accordingly, Plaintiff has failed to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. This objection is properly denied.

D. *Showering*

With regard to Plaintiff's Eighth Amendment claim that Defendants did not provide him adequate opportunities to shower because the Berrien County Jail is not handicap accessible, the Magistrate Judge examined the record and determined that Defendants submitted evidence that Plaintiff "routinely refused offers to take a shower" and Plaintiff "presented no evidence in support in support of this particular claim" (R&R, ECF No. 47 at PageID.467).

In his objection, Plaintiff asserts that his "Exhibits clearly demonstrate a pervasive and prevailing pattern and practice of refusing to use non-accessible showers and restroom facilities at the Berrin [sic] County Jail" (ECF No. 55 at PageID.505).

Again, Plaintiff does not identify or describe the "Exhibits" upon which he relies for his objection. The Court further observes that Plaintiff's mere assertion that he had a practice of refusing offers to shower does not reveal any factual or legal error in the Magistrate Judge's Eighth Amendment analysis or conclusion on this claim. In short, this objection is properly denied.

E. *Eye Injury*

With regard to Plaintiff's claim that Defendants' actions or inactions caused an April 23, 2015 fall and eye injury, the Magistrate Judge examined Defendants' evidence that Plaintiff experiences a progressive eye disorder, noted Plaintiff's failure to present any evidence in support of his allegations, and concluded that Defendants were entitled to summary judgment on this claim (R&R, ECF No. 47 at PageID.467-468).

In his objection, Plaintiff argues that "[w]ith common sense logic, based on plaintiff's evidence that the defendants' existing restrooms/bathing facilities were completely inaccessible to wheelchair dependent qualified individuals, but not for that alone, plaintiff would not have fallen from his wheelchair sustaining an eye injury" (ECF No. 55 at PageID.507).

Plaintiff does not identify or describe the "evidence" upon which he relies for his objection. Further, Plaintiff does not address Defendants' evidence that his eye injury was not the result of his fall on April 23, 2015 but a progressive eye disorder. Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that Defendants are entitled to summary judgment on his Eighth Amendment eye injury claim. This objection is therefore properly denied.

F. *General Medical Treatment*

Plaintiff's objections do not address the Magistrate Judge's analysis or conclusion regarding his Eighth Amendment general medical treatment claim.

### III. ADA Claim

The Magistrate Judge recommends that Defendants are entitled to summary judgment on Plaintiff's ADA claim because "the evidence reveals that Defendants provided Plaintiff with medical care and attempted to accommodate his needs" and Plaintiff "failed to present any

evidence that Defendants intentionally discriminated against because of his disability" (R&R, ECF No. 47 at PageID.469).

In his objection, Plaintiff asserts that his "exhibit evidence … cries aloud … for federal adjudication" (ECF No. 55 at PageID.507). However, Plaintiff does not identify or describe the "exhibit evidence" upon which he relies for his objection. Consequently, Plaintiff has failed to specifically identify the basis for his objection as required by W.D. Mich. LCivR 72.3(b), and concomitantly failed to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that Defendants are entitled to summary judgment on his ADA claim.

### IV. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 55) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 19) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Orrison's Motion for Summary Judgment (ECF No. 23) is GRANTED.

7

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: June 13, 2017                                 /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge